UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------x
CHRISTOPHER A. HENRY,

        Plaintiff,

   -against-

CHARLES HYNES,

        Defendant.
----------------------------x

MEMORANDUM & ORDER
12-CV-540 (KAM)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 13 2012 ★
BROOKLYN OFFICE

MATSUMOTO, United States District Judge:

     Plaintiff Christopher A. Henry, who is currently incarcerated at the Kirby Forensic Psychiatric Center at Ward's Island,[1] filed this *pro se* action pursuant to 42 U.S.C. § 1983. The court grants plaintiff's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, plaintiff's complaint against Kings County District Attorney Charles Hynes is dismissed. Plaintiff is granted thirty (30) days leave to submit an amended complaint, as detailed below.

### BACKGROUND

     Plaintiff seeks money damages in the instant action. (ECF No. 1, Complaint ("Compl.") at 5.) Plaintiff alleges that his constitutional rights are being violated because Kings County District Attorney Charles Hynes has failed to prosecute his

---

[1] At the time he filed the instant action, plaintiff was incarcerated at the Anna M. Kross Center at Rikers Island. A notation on the docket on February 28, 2012, however, reflects that he has been transferred to the Kirby Forensic Psychiatric Center.

1

criminal case, stemming from a 2003 indictment, and that court officers have tried to kill him several times. (ECF No. 1, Compl. at 4, ¶¶ IV, IVA.) The court notes that on November 22, 2010, plaintiff filed a *habeas corpus* petition related to this same indictment, which is presently pending. *See Henry v. United States*, 11-CV-391 (KAM) ("*Habeas* Action"). On April 8, 2011, the Kings County District Attorney's Office filed papers in plaintiff's *Habeas* Action indicating that on December 22, 2003, plaintiff was indicted on charges of Criminal Sexual Act in the First Degree, Criminal Sexual Act in the Third Degree, Sexual Abuse in the First Degree, Assault in the Second Degree and Assault in the Third Degree. Although plaintiff was arraigned on the indictment on January 15, 2004, the District Attorney's Office also informed the court that "[l]argely because of defendant's mental health status, namely, defendant's unfitness to . . . proceed to trial, from 2004 to the present, there have been almost eighty adjournments in this case." (ECF No. 12, *Habeas* Action at 3.)

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

officer or employee of a governmental entity." 28 U.S.C.
§ 1915A. Upon review, a district court shall dismiss a
prisoner's complaint *sua sponte* if the complaint is "frivolous,
malicious, or fails to state a claim upon which relief may be
granted; or seeks monetary relief from a defendant who is immune
from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1
(2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of
frivolous prisoner complaints is not only permitted but
mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d
Cir. 1999). The court construes plaintiff's *pro se* pleadings
liberally, particularly because they allege civil rights
violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed
Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir.
2008).

Rule 15(a)(2) of the Federal Rules of Civil Procedure
provides that a party shall be given leave to amend "when justice
so requires." Fed. R. Civ. P. 15(a)(2). When addressing a *pro
se* complaint, a district court should not dismiss without
granting leave to amend at least once "when a liberal reading of
the complaint gives any indication that a valid claim might be
stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002)
(quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)
(internal quotation marks omitted)).

3

## DISCUSSION

Plaintiff brings the instant action against Kings County District Attorney Charles Hynes, but does not allege that Mr. Hynes was personally involved in the alleged deprivation of plaintiff's civil rights. "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) (quoting *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1991)). Therefore, plaintiff's claims against Mr. Hynes must be dismissed.

Moreover, to the extent that plaintiff could have named individual assistant district attorneys, it is "well established that a state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under § 1983." *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005) (internal quotations omitted). "Prosecutorial immunity from § 1983 liability is broadly defined, covering virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (internal quotations and citations omitted). Immunity for prosecutorial acts can be defeated only if the

prosecutor is alleged to have acted in the complete absence of jurisdiction, which is not the case here. *Shmueli*, 424 F.3d at 237. Accordingly, had individual assistant district attorneys been named, based on the facts alleged, they are immune from suits for damages, and these claims would also be dismissed.

Further, although plaintiff brings this action against Kings County District Attorney Charles Hynes for failing to prosecute his case, plaintiff makes additional assertions in the "statement of claim" section of the complaint form. Specifically, plaintiff alleges that "[t]he correction officers and detainees . . . court officers [sic] tried to kill me on several attempts." (ECF No. 1, Compl. at 4, ¶ IV.A.) It is not clear if plaintiff wishes to pursue these potential claims.

Accordingly, plaintiff is granted thirty (30) days leave (*i.e.*, until April 11, 2012) to file an amended complaint to clarify his claims. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should plaintiff choose to file an amended complaint, plaintiff is directed that the amended complaint must:

(i) be captioned as an "Amended Complaint" and bear the same docket number as this Order;

(ii) identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals alleged to have some

5

personal involvement in the actions plaintiff alleges in the amended complaint, or if plaintiff does not know the names of the individuals, he may identify and name the unknown individuals in the caption as either "John Doe 1, 2, 3," etc. or "Jane Doe, 1, 2, 3," etc.;

(iii) describe to the best of plaintiff's ability, each individual and the role he or she played in the alleged deprivation of his rights; and

(iv) set forth factual allegations to support plaintiff's claim against each named defendant, the dates and locations of all relevant events, and the relief he is seeking, in accordance with Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint.

## CONCLUSION

Accordingly, plaintiff's claims against Kings County District Attorney Charles J. Hynes are dismissed for failure to state a claim. No summons shall issue as to this defendant and all further proceedings shall be stayed for thirty (30) days.

If plaintiff fails to amend the complaint within thirty (30) days (*i.e.*, by April 11, 2012) as directed by this Memorandum and Order, the court shall dismiss this complaint pursuant to 28 U.S.C. § 1915A. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and to note such service in the docket.

Dated: Brooklyn, New York
March 12, 2012

_____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York