DOCKET & FILE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
CHRISTOPHER A. HENRY,

         Plaintiff,

      -against-

A.D.A. KEVIN O'DONNELL,

         Defendant.
------------------------------x

**MEMORANDUM AND ORDER**
12-CV-540 (KAM)(RLM)

**KIYO A. MATSUMOTO, United States District Judge:**

On January 30, 2012, plaintiff Christopher A. Henry ("plaintiff"), who is currently incarcerated at the Kirby Forensic Psychiatric Center on Ward's Island, filed this *pro se* action against Kings County District Attorney Charles J. Hynes ("Hynes"), seeking money damages pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1, Complaint filed 1/30/2012 ("Compl.").)  By Order dated March 12, 2012, the court granted plaintiff's *in forma pauperis* application pursuant to 28 U.S.C. § 1915(a), dismissed plaintiff's complaint against Kings County District Attorney Charles Hynes, and granted plaintiff thirty days leave to submit an amended complaint.  (*See* ECF No. 4, Memorandum and Order dated 3/12/2012 ("3/12/2012 Order").)  On April 3, 2012, plaintiff filed an amended complaint naming Assistant District Attorney Kevin O'Donnell ("O'Donnell") as the sole defendant.  (*See* ECF No. 5, Amended Complaint against Kevin O'Donnell, filed 4/3/2012

1

("Am. Compl.").)   For the reasons discussed below, this action is dismissed.

## STANDARD OF REVIEW

It is well-established that a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of a proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 680 (2009)).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where the court is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

2

relief."

## DISCUSSION

Familiarity with the facts of the case is assumed.  On
March 12, 2012, the court dismissed plaintiff's original
complaint against Kings County District Attorney Charles J. Hynes
because plaintiff did not allege that Hynes was personally
involved in the alleged deprivation of plaintiff's civil rights.
(ECF No. 4, 3/12/2012 Order at 4 (quoting *Farrell v. Burke*, 449
F.3d 470, 484 (2d Cir. 2006) ("It is well settled in this Circuit
that 'personal involvement of defendants in alleged
constitutional deprivations is a prerequisite to an award of
damages under § 1983.'").)  Furthermore, plaintiff was advised
that to the extent that plaintiff could have named individual
assistant district attorneys, it is "well established that a
state prosecuting attorney who acted within the scope of his
duties in initiating and pursuing a criminal prosecution is
immune from a civil suit for damages under § 1983."  (ECF No. 4,
3/12/2012 Order at 4 (quoting *Shmueli v. City of New York*, 424
F.3d 231, 236 (2d Cir. 2005)).  In an abundance of caution, the
court granted plaintiff leave to file an amended complaint only
to clarify the assertion made in his original complaint that
"[t]he correction officers and detainees . . . court officers
[sic] tried to kill me on several attempts."  (*Id.* at 5 (quoting

3

ECF No. 1, Compl. at 4 ¶ IV.A).)

Plaintiff's amended complaint does not comply with the court's March 12, 2012 Order.  Instead, plaintiff's one-paragraph amended complaint names as the sole defendant Assistant District Attorney Kevin O'Donnell and again alleges that O'Donnell "refused to take [plaintiff] to trial." (ECF No. 5, Am. Compl. at 2.)  The amended complaint makes no mention of any claim regarding alleged attempts by correction officers to kill plaintiff.

As discussed in the court's March 12, 2012 Order, O'Donnell, as an individual assistant district attorney, is generally "immune from a civil suit for damages under § 1983." *Shmueli,* 424 F.3d at 236.  Because plaintiff's amended complaint "seeks monetary relief from a defendant who is immune from such relief" and otherwise "fails to state a claim upon which relief may be granted," it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the reasons set forth above, plaintiff's claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *Coppedge v. United*

4

*States*, 269 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve a copy of this Order on the *pro se* plaintiff and to note such service on the docket.

Dated:    April 18, 2012
             Brooklyn, New York

s/KAM

_____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

5